WILLIAM FLINT, Complainant, Appellant,

*vs.*

LYMAN S. JONES, Defendant, Appellee.

APPEAL IN EQUITY FROM WINNEBAGO CIRCUIT COURT.

The complainant in equity must recover, if at all, upon the case made by his bill, and his proofs must support the equity of his case as stated in the bill.

Where the defendant's answer on oath is waived, and an answer without oath is put in, denying the allegations of the bill, the effect is to put the complainant to the proof of the case made by the bill.

Where the case made by the bill is predicated upon an agreement set out therein, the complainant will be confined in his proofs to the agreement so set out.

Fraud is no more to be presumed in equity than at law, but must be established by proof.

THIS was a bill in equity filed in the Circuit Court of Winnebago county, for the purpose of setting aside a deed alleged to have been fraudulently procured, and to redeem certain land from an equitable lien for the purchase money, and for other relief. The allegations of the bill and answer are fully stated in the opinion of the court. The complainant waived answer under oath.

The material evidence produced on the hearing, is condensed as follows : The complainant called upon the defendant as a witness, who was sworn and testified that on the 7th or 8th of October, 1853, he was at Menasha, where he supposed the land was entered : that Flint agreed to convey the land he was to enter to him, for $104 or $108 : that he paid Flint the money, who gave him a deed of the land : that the deed was drawn by one Potter in his office; was read over by Mr. Potter to both the parties, and was signed by Flint in the presence of said Potter, and one Philetus Sawyer, the attesting witnesses. The money was paid in Potter's office. The deed was intended to be an absolute conveyance in fee simple of the land.

Flint vs. Jones.

The complainent offered himself as a witness, who, though objected to by the defendant, testified that he agreed to give the defendant a "writing" as security for money which he had agreed to loan him; the *writing* was agreed to be a mortgage on the land in dispute; that Jones agreed to meet him in Menasha, on the 8th day of October, 1853, and lend him the money, and take a *writing* as security; that Jones let him have five twenty-dollar gold pieces. Before this, he had talked with Jones about going into partnership in the lumbering business. He was well acquainted with the land. It was worth $3 per acre. He said he could not enter the land himself, and told the reason why. Potter drew the writing which he signed. No one read it to him before he signed it. Sawyer was not present when the deed was signed. The complainant had conveyed the land to one Lane, his attorney, to hold in trust for him. It was afterwards recon-veyed.

Sawyer, the subscribing witness, testified that in October, 1853, at the time Flint deeded the land to Jones, he had a conversa-tion with Flint, in which Flint told him he was going to deed the land to Jones. It was to be an absolute deed. Afterwards Flint executed the deed to Jones. Some time afterwards, Flint conveyed the land to Lane who had got his deed on record first, and threatened to replevy the logs which had been cut on the land; and at the request of Jones, I paid Lane $40 to get a con-veyance from him. The reason that Jones's deed was not sooner put upon record was, that the deed was given to Mr. Yeoman to take to Appleton. Yeoman gave the deed to the sheriff of Ou-tagamie county, who promised to get it recorded but forgot it. The deed was found in February among the sheriff's papers, and put on record. Was asked to witness the deed, but don't recollect, particularly, seeing Flint sign it. Should not have witnessed the deed but in Flint's presence. Heard the parties talk over their arrangements, and Jones was to have a fee sim-ple of the land.

There was considerable irrelevant testimony, but the forego-ing, though meagre and unarranged, is the substance of it.

*A. K. Brush*, for the complainant.

*C. Coolbaugh*, for the defendant.

*By the Court*, SMITH, J.   This was an appeal in equity from the Circuit Court of Winnebago county.

The bill was filed on the 25th day of October, 1855, and sets forth that, on the 3d day of October, 1853, the complainant "preempted" at the United States land office in Menasha, a certain piece of land known as the north half of the northwest quarter of section 14, in township No. 22, in range No. 15, east, and that at or about the same time, the complainant entered into an agreement with the defendant, "whereby it was agreed that the said Jones should furnish the purchase money, and the complainant was to execute some proper security on the land, running to the said Jones; "that the complainant was to lumber on the land, and the defendant was to receive his pay out of the proceeds of the lumber in the ensuing spring, for the purchase money, and also for supplies which the defendant was to furnish the complainant, with interest at the rate of twelve per cent. per annum." The complainant entered the land on the 7th day of October, 1853. The bill further states that the business was done in a hasty manner; that the complainant signed a deed of said land to Jones, containing the usual covenants of warranty, without reading it or hearing it read; that the deed was not acknowledged; that but one witness saw him sign the deed; that he entered the land by preemption with $100 which Jones then and there let him have; that the deed was recorded, and appeared to be acknowledged by complainant and wife, but that his wife never signed nor acknowledged the same, and charges that the deed was procured by fraud.

The bill waives an answer under oath, and prays that the deed may be canceled, and that the equitable lien on the land may be discharged by the complainant paying into court so much money as the court may direct, and that in default of such pay-

ment, the defendant may have execution therefor; that the said conveyance be treated as a mortgage transaction; also, for general relief.

The answer admits the preemption, and an agreement to furnish $100 to be invested in land; avers that the deed was drawn by one Potter, for Flint, at his request; was signed by him after he had read it, or heard it read, and that he acknowledged the deed in presence of the attesting witnesses thereto; admits that the complainant's wife did not sign or acknowledge the deed, and avers that her name was inserted by mistake of the officer. The answer denies any partnership agreement, or any agreement to furnish supplies to the complainant, but admits that he did give him permission to take so much lumber from the said land as he could take off the next winter with one team; denies that Flint supposed the deed a mortgage, or in the nature of a mort-, gage, or agreement to secure the purchase money; and denies all fraud, &c. General replication.

No principle of equitable jurisprudence is better settled than that the complainant must recover, if he recover at all, upon the case made by his bill. The proofs must correspond with the allegations made, and must sustain the statements and charges set forth in the bill, or no relief can be granted, however strongly the proofs may show that he is entitled to some relief.

Now the gist of the complaint in this case is, that Jones agreed to advance to the complainant $100, as a loan for the purpose of entering the land in question, and to furnish supplies for the lumbering business for the next winter, to take security upon the land for the purchase money advanced, and to receive his pay, both for the money advanced and for the supplies, with twelve per cent. interest, in the ensuing spring, out of the proceeds of the lumbering business; that he did advance the $100 for the purchase money, and instead of taking security, by mortgage or otherwise, on the land, he fraudulently procured the complainant to sign an absolute deed of conveyance of the land, with full covenants of warranty, &c.

Without recapitulating the evidence, it is sufficient to say, that there is not one particle of proof to sustain the case made

by the bill, except the testimony of the complainant himself.
Upon what ground his testimony was admitted, the record does
not disclose. But admitting that the proceedings in the court
below were such as rendered it competent, it falls far short of
making out the case, and is contradicted by two or three wit-
nesses. Not only is there wanting evidence to prove the fraud
alleged, but the evidence utterly fails to establish the agreement
set up in the bill. Whatever equities he may have, it is ap-
parent that he is not entitled to the relief prayed for, nor to any
relief upon the pleadings and proofs presented by this record.

Decree of the court below affirmed, with costs.